```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

ANTHONY GRAFFINO,

                        Plaintiff,            14 Civ. 8577

     -against-                                 OPINION

TRUSTEES OF THE NYSA-ILA PENSION
TRUST FUND AND PLAN and TRUSTEES OF
THE NYSA-ILA CONTAINER ROYALTY
FUND,

                        Defendants.

------------------------------------------X
```

7/13/15

A P P E A R A N C E S:

**Attorneys for Plaintiff**

LAW OFFICES OF LLOYD SOMER
330 Seventh Avenue, 15th Floor
New York, NY 10001
By:  Lloyd Somer, Esq.

**Attorneys for Defendants**

THE LAMBOS FIRM, LLP
303 South Broadway, Suite 410
Tarrytown, NY 10591
By:  Donato Caruso, Esq.
     Ian A. Weinberger, Esq.

MARRINAN & MAZZOLA MARDON, P.C.
26 Broadway, 17th Floor
New York, NY 10004
By:  Kevin J. Marrinan, Esq.

**Sweet, D.J.**

Defendants NYSA-ILA Pension Trust Fund ("PTF") and NYSA-ILA Container Royalty Fund ("CRF") (collectively, "Defendants") have moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Complaint of plaintiff Anthony Graffino ("Graffino" or the "Plaintiff"). Based on the conclusions set forth below, the motion is granted and the Complaint is dismissed with prejudice.

**Prior Proceedings**

On October 28, 2014, the Plaintiff filed the Complaint seeking the payment of a severance payment of $150,000.

The Complaint alleges that Plaintiff was a member of the International Longshoreman's Association, AFL-CIO ("ILA"). Compl. ¶ 7. Plaintiff further alleges that a Memorandum of Settlement ("MOS") between the ILA and the New York Shipping Association ("NYSA") granted a "special window pension received by the Plaintiff." Compl. ¶ 8. The MOS allegedly entitled recipients of the special window pension to a $150,000 severance benefit ("Severance Benefit"). Compl. ¶ 9. Plaintiff claims

1

Defendants denied him the Severance Benefit in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.  Compl. ¶ 12.

Defendants' instant motion to dismiss the Complaint was marked fully submitted on March 25, 2015.

**The 12(b)6 Standard**

On a motion to dismiss pursuant to Rule 12(b)(6), all factual allegations in the complaint are accepted as true, and all inferences are drawn in favor of the pleader.  Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993).  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted).  A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570).

A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 663 (quoting Twombly, 550 U.S. at 556). In other words, the factual allegations must "possess enough heft to show that the pleader is entitled to relief." Twombly, 550 U.S. at 557 (internal quotation marks omitted).

**Plaintiff Failed to Allege an ERISA Claim**

The Complaint fails to include allegations that establish a basis for relief. Plaintiff does not allege that the Severance Benefit is created by the PTF's Agreement. Nor can he, because the Severance Benefit is provided pursuant to the MOS. See Affidavit of Ian A. Weinberger dated January 16, 2015 (hereinafter "IW Aff."), ¶¶ 3 & 4, Exs. A & B.

Plaintiff contends that he is eligible for the Severance Benefit because he "has met the criteria" for, and is receiving, the enhanced pension benefit of $160 per year of credited service. See Compl. ¶¶ 8, 10-12. However, the Severance Benefit is made pursuant to a July 25, 2013 amendment to the PFT Agreement and Declaration of Trust and Plan. See IW Aff. Ex. A. By that amendment, PFT agreed to provide the enhanced pension benefit to NYSA-ILA employee-benefit plan

3

employees, like Plaintiff, as well as to ILA officials and employees.  See IW Aff., ¶¶ 4 & 5, Exs. B & C.  The July 25, 2013 amendment did not authorize payment of any severance benefit to those categories of participants (plan employees or union employees) who were receiving the enhanced pension benefit like Plaintiff.  See IW Aff., ¶ 4, Ex. B.  Other individuals employed as ILA officials and NYSA-ILA employee-benefit-plan employees also received the enhanced pension benefit without receipt of the Severance Benefit.  See IW Aff., ¶ 4, Ex. B.

While Plaintiff has alleged that Defendant CRF pays the Severance Benefit, he does not allege that the Severance Benefit is paid pursuant to the terms of CRF's Agreement and Declaration of Trust.  See IW Aff., ¶ 6, Ex. D.  Nor can he make this allegation, because, as with PTF's plan, there is no language in the CRF Agreement authorizing payment of the Severance Benefit.  Rather, an April 2, 2014 amendment to the CRF Agreement requires payment of the Severance Benefit established in the MOS "as directed by the parties to the Collective Bargaining Agreement."  See IW Aff., ¶ 6, Ex. D. That amendment, as well as any other amendment or provision in the plan, did not authorize payment of the Severance Benefit to NYSA-ILA employee-benefit-plan employees who were receiving the enhanced pension benefit.  See IW Aff., ¶ 6, Ex. D.

4

Consequently, Plaintiff has failed to allege a claim under ERISA entitling him to the Severance Benefit. See Guerrero v. FJC Sec. Svcs., Inc., No. 10-3737-cv, 2011 WL 1938673, at *2 (2d Cir. May 23, 2011) (affirming dismissal of ERISA claim where the plaintiff "did not identify anything in the plans as that entitled him to a particular benefit he sought to enforce"); Payne v. POMCO Group, No. 10 Civ. 7285 (BSJ), 2011 WL 4576545, at **2-3 (S.D.N.Y. Sept. 30, 2011).

**The Plaintiff Lacks Coverage Under the Collective Bargaining Agreement**

The MOS establishes the terms and conditions of employment for individuals employed as longshoremen, clerks, checkers, and maintenance workers in the Port of New York and New Jersey. See IW Aff., ¶ 3, Ex. A. The MOS offered the Severance Benefit to individuals who were actively employed under the NYSA-ILA CBA as of April 12, 2013, provided they met other eligibility requirements. See IW Aff., ¶ 3, Ex. A. The Complaint does not allege that the Plaintiff was actively employed under the terms of the NYSA-ILA CBA as of April 12, 2013. By his own admission, Plaintiff worked as an employee of an NYSA-ILA employee-benefit plan, not as a longshoreman,

5

checker, clerk, or maintenance worker under the terms of the MOS. See IW Aff., ¶ 4, Ex. B.

Plaintiff also alleges that he is entitled to the Severance Benefit because he was a member of the ILA. See Compl. ¶ 7. However, ILA members employed pursuant to other collective bargaining agreements are not eligible for the Severance Benefit merely because they are union members. See IW Aff., ¶ 3, Ex. A. Plaintiff unsuccessfully attempts to address this flaw in his position by contending that he "was actively employed under the terms of the collective bargaining agreement." See Pl.'s Aff. at ¶¶ 13 & 14. First, his contention is not set forth in the Complaint and "it is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss." See O'Brien v. Nat'l Prop. Analysts Partners, 719 F. Supp. 222, 229 (S.D.N.Y. 1989). Consequently, these "[a]llegations made outside of the complaint are not properly before the court on a motion to dismiss." See Sheppard v. TCW/DW Term Trust 2000, 938 F. Supp. 171, 178 (S.D.N.Y. 1996) (citations omitted); see also Gonzalez v. Sarreck, 1:08-cv-03661-RWS, 2011 WL 5051341, at *19 (S.D.N.Y. Oct. 24, 2011). Second, even accepting the novel allegations introduced through Plaintiff's motion papers, the NYSA-ILA Collective Bargaining Agreement ("CBA") and the MOS expressly

state that these labor contracts establish the terms and conditions of employment for all longshoremen, checkers, clerks, timekeepers, and maintenance and repair workers in the Port of New York and New Jersey.  See Supplemental Affidavit of Ian A. Weinberger dated March 18, 2015 (hereinafter "IW. Supp. Aff."), ¶ 3, Ex. A at 1; see also IW Aff., ¶ 3, Ex. A at 1.  Among these conditions is a requirement "[a]ny grievance, dispute, complaint, or claim arising out of or relating to the" collective bargaining agreement make use of the prescribed "Grievance and Arbitration" procedure.  See IW. Supp. Aff. Ex. A at 103-04.  Even assuming Plaintiff were employed under the NYSA-ILA CBA, he has failed to allege that he exhausted the grievance and arbitration procedures as required under the CBA.  Plaintiff's claim is defective with regard to CRF for the same reason.  He fails to allege adherence to the grievance and arbitration procedure as required under the CRF Plan.  See IW Aff., ¶ 6, Ex. D at 25-27.

**The Plaintiff Has Not Established Grounds for Estoppel**

In his opposition to the instant motion, Plaintiff asserted that he relied upon his entitlement to the special severance benefit when he executed the Irrevocable Election Form terminating his employment.  The Second Circuit has required

7

that promissory estoppel claims in ERISA cases demonstrate "extraordinary circumstances." Devlin v. Empire Blue Cross & Blue Shield, 274 F.3d 76, 85 (2d Cir. 2001). For example, a plaintiff alleging the existence of a promise that a defendant "reasonably should have expected to induce action or forbearance on the plaintiff's part" would constitute extraordinary circumstances. See id. at 86; Schonholz v. Long Island Jewish Med. Ctr., 87 F.3d 72, 78 (2d Cir. 1996); Lee v. Burkhart, 991 F.2d 1004, 1009 (2d Cir. 1993). Here, no extraordinary circumstances on the part of the ERISA Defendants have been alleged and the grounds for promissory estoppel have consequently not been established.

**Conclusion**

Based upon the conclusions set forth above, the motion of the Defendants is granted and the Complaint is dismissed with prejudice.

It is so ordered.

**New York, NY**

July 8 , 2015

/s/ Sweet

**ROBERT W. SWEET**
U.S.D.J.